## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 2, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY M. HAGER,**
**Claimant Below, Petitioner**

**vs.)   No. 16-1220** (BOR Appeal No. 2051360)
                    (Claim No. 2014022136)

**PANTHER BRANCH COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner, Timothy M. Hager, by Wendle D. Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Panther Branch Coal Company, by H. Toney Stroud, its attorney, filed a timely response.

The issue presented in the instant appeal is the amount of permanent partial disability for a claim for occupational pneumoconiosis. On July 11, 2014, the claims administrator granted no award for occupational pneumoconiosis. The Workers' Compensation Office of Judges affirmed the claims administrator's decision on May 26, 2016. This appeal arises from the Board of Review's Final Order dated November 23, 2016, affirming the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 15, 2014, the Occupational Pneumoconiosis Board examined Mr. Hager and he was found to be in good general clinical condition and not in respiratory distress at rest. There were no rales or wheezing found to be present. Mr. Hager reported experiencing shortness of breath for five to seven years and a chronic cough for five years. X-rays were interpreted as showing insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. Arterial blood gas testing revealed a PCO2 of forty and a PO2 of 98%. The

1

Board could not make a diagnosis of occupational pneumoconiosis. The report was signed by Jack L. Kinder, M.D., Bradley Henry, M.D., and Johnsey L. Leef Jr., M.D.

The Physician's Report of Occupational Pneumoconiosis was completed on July 11, 2015, by Mohammed Ranavaya, M.D. Dr. Ranavaya diagnosed Mr. Hager with occupational pneumoconiosis with a 25% impairment based upon arterial blood gas study findings. Dr. Ranavaya found the following readings: PO2 of sixty-four and a PaCO2 of forty-two.

On July 15, 2015, a pulmonary function report was issued by Marshall Family Medicine. The report indicated the absence of any significant degree of obstructive pulmonary impairment. Blood gas studies conducted at Marshall Family Medicine on July 15, 2015, showed a PaO2 of sixty-four and a PaCO2 of forty-two.

On April 6, 2016, the Occupational Hearing Board conducted a hearing. Mahendra M. Patel, M.D., a member of the Board, testified that the difference between the blood gas studies performed by Dr. Ranavaya and the blood gas studies performed at the Occupational Lung Center were probably due to testing differences. Dr. Patel stated that Dr. Ranavaya likely performed the blood gas study with Mr. Hager in the supine position (laying down), and the two studies performed at the Occupational Lung Center, one for the Occupational Pneumoconiosis Board, and the one at the request of the attorney for the employer, were likely performed with Mr. Hager in the upright position. John A. Willis, M.D., a member of the Board, reviewed the chest x-rays and testified that the films are insufficient to make a diagnosis of occupational pneumoconiosis. Dr. Kinder testified that the Board remained of the opinion that Mr. Hager has no permanent partial disability impairment related to occupational pneumoconiosis. Dr. Kinder did acknowledge that the studies performed by Dr. Ranavaya are very similar and both represent 20% impairment. However, Dr. Kinder noted that the blood gas studies from the Occupational Lung Center are within normal limits and represent no impairment. Dr. Kinder further noted that occupational pneumoconiosis is a permanent condition that does not improve. The Board conclude that the best studies of record indicate no permanent impairment.

The Office of Judges affirmed the claims administrator's decision to grant no award for occupational pneumoconiosis in a final decision dated May 26, 2016. The Office of Judges adopted the findings of the Occupational Pneumoconiosis Board and found that the Board did not err in finding that Mr. Hager had no impairment due to occupational pneumoconiosis. The Office of Judges stated that occupational pneumoconiosis is a permanent and progressive disease, and accepted Dr. Patel's suggestion that variation in the arterial blood gas studies most likely occurred because Dr. Ranavaya did his studies with Mr. Hager lying down and the Occupational Lung Center's studies were conducted with Mr. Hager in an upright position. The Office of Judges concluded that Mr. Hager is not entitled to a permanent partial disability award for occupational pneumoconiosis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 23, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 2, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker